<u>Attorneys for Plaintiff</u>

Stephen D. Brown
Christine C. Levin
Jennifer L. Burdick
Francis J. Dermody
Sean P. McConnell
Dechert LLP
Cira Centre
2929 Arch St.
Philadelphia, PA 19104

<u>Attorney for Defendants</u>

Timothy S. Judge
Assistant United States Attorney
235 N. Washington Ave.
P.O. Box 309
Scranton, PA 18503

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONNIE G. WIGGINS,<br><br>                        Plaintiff,<br><br>          v.<br><br>BRIAN A. BLEDSOE, et al.<br><br>                    Defendants. | CIVIL ACTION<br><br>Case No.: 3:11-cv-1298<br><br>Judge Munley |

JOINT CASE MANAGEMENT PLAN

     <u>Instructions</u>:  In many cases there will be more parties in the action than there are spaces provided in this form.  Each party shall provide all requested information.  If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan.  Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

## 1.   Principal Issues

    1.1   **Separately for each party, please give a statement summarizing this case: By plaintiff(s):**

This is a civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the Warden and various Corrections Officers at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"),[1] and a negligence claim against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2761 *et seq.* by Plaintiff Ronnie G. Wiggins.  On July 16, 2009, Plaintiff was attacked in a recreation cage by four other inmates while imprisoned on the Z-Block of the USP Lewisburg.  During this attack, Plaintiff was stabbed twenty-two times and suffered serious bodily injury resulting in surgery and a seven-day hospital stay.  As employees of the Federal Bureau of Prisons and USP Lewisburg, each Defendant was responsible for protecting Plaintiff's constitutional rights while Plaintiff was an inmate at USP Lewisburg, including the right to be free from vicious attacks by other inmates.  Defendants had reason to know of the danger to Plaintiff because of longstanding separation requirements between Plaintiff and his attackers.  Additionally, the Defendants present during the attack sat idly by while Plaintiff was brutally assaulted, and did not intervene until well after the attack was finished.  Because of Defendants' failure to protect Plaintiff, he

---

[1] The Defendants include Brian A. Bledsoe, Chuck Maiorana, Krista Rear, J. Dunkelberger, John Adami, J. Fosnot, F. Perrin, S.V. Heath, Nelson Dreese, Jim Flemming, Tim Crawford, Jim Hepner, Jason Murray, Tom Yost, Randy Loss, Greg Edinger, Lester Yohe,  Dennis Campbell, and Michael Hornberger in their individual capacity.

sustained life-threatening injuries which continue to affect him physically, emotionally, and

psychologically.  Plaintiff seeks compensatory and punitive damages, as well as attorney's fees,

costs, and such other relief as the Court deems appropriate.

**By defendant(s):**

This is a <u>Bivens</u>[2] civil rights action and FTCA claim brought by Plaintiff, Ronnie

G.Wiggins(Wiggins), currently designated to the United States Penitentiary – McCreary, in

Kentucky.  Wiggins was incarcerated at USP-Lewisburg, in Pennsylvania during the time

relevant to this action.  (<u>Id.</u>)  Wiggins names as Defendants: to his <u>Bivens</u> claim: B.A. Bledsoe,

Warden; C. Maiorana, Associate Warden (Currently assigned to FCC Allenwood); K. Bahre

(Rear), Associate Warden; J. Dunkelberger, Case Management Coordinator; J. Adami, Unit

Manager; J. Fosnot, Special Investigative Agent; F. Perrin, Special Investigative Agent; S.

Heath, Lieutenant; N. Dreese, Special Investigation Technician;. Flemming, Lieutenant; T.

Crawford, Correctional Officer; J. Hepner, Lieutenant; J. Murray, Correctional Officer; T. Yost,

Correctional Officer; R. Loss, Correctional Officer; G. Edinger, Human Resources Specialist; L.

Yohe, Correctional Officer; D. Campbell, Correctional Officer; M. Hornberger, Correctional

Officer; and the United States in his tort claim (collectively referred to as Defendants).  Wiggins

alleges Eighth Amendment violations of deliberate indifference to risk of harm and alleges

negligence in a tort claim against the United States.  Wiggins seeks punitive and compensatory

damages.

On May 19, 2008, Wiggins arrived at USP Lewisburg from USP Victorville.  Wiggins was

---

[2] <u>Bivens v.  Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388
(1971).

transferred due to a violent assault that he perpetrated at USP Victorville, his history of prison

gang involvement, his history of disruptive behavior in the federal prison system, and his lack of

institutional adjustment.  The federal Bureau of Prisons (BOP) maintains a list for Wiggins of

individual inmates with whom he should not have direct contact.  These inmates are known as

his separatees.  The BOP does not maintain a list of prison gang organizations for separation

purposes.  In the BOP's institutional experience, it is not pragmatically possible to maintain such

a list given the difficulty in maintaining accurate information of which inmate is a member of

any particular gang at any particular time.

Upon intake at USP Lewisburg, Wiggins was asked if there was any reason that he could not

be placed in general population and he replied that there was not.  Wiggins was present at USP

Lewisburg for almost a year before the assault on July 16, 2009.  On that date, Wiggins was

taken to recreation pursuant to the standard operating procedure at USP Lewisburg.  Such

procedures permit inmates to refuse to go to recreation.  Such procedures also include a review

by staff of each inmate's separatees to determine with whom they may be placed in a recreation

cage.  On July 16, 2009, none of the inmates who committed the assault were listed as a

separatee of Wiggins.  According to video surveillance of the assault, Wiggins was escorted to

the recreation cage, he greeted and embraced the individuals in the cage, and he began to disrobe

for exercise.  There was no prior indication that an assault was imminent or that Wiggins did not

want to be placed in the cage out of a fear for his safety.

The assault began and staff responded within moments.  Based on their training and

institutional experience, BOP staff will not permitted to enter a recreation cage where a violent

assault with a weapon is occurring or has occurred until approved by a lieutenant or a staff

member above a lieutenant.  When staff arrived at the cage, the inmates who committed the

assault immediately stopped and went to the other side of the cage.  Staff ordered the inmates to

submit to restraints and the inmates were removed from the cage.  The construction of the cage is

such that only one inmate can have restraints applied and removed at a time.  Once all the

inmates were removed, BOP staff were able to safely enter the cage and provide Wiggins with

medical treatment.  The entire incident until medical treatment was provided lasted just over four

minutes.

At no time prior to the assault did any BOP staff member have knowledge that Wiggins was

in danger of an assault by the inmates in the recreation cage on July 16, 2009.  Assaults are an

unfortunate part of prison life and more so for inmates engaged in prison gangs and who commit

assaults on other inmates themselves.  The BOP takes reasonable measures to provide for the

safety of inmates.  On July 16, 2009, the BOP did not breach any duty owed to Wiggins.

Additionally, no action or inaction by the BOP or its staff caused the assault or any of Wiggins'

injuries that he sustained on July 16, 2009.  Therefore, Defendants are not liable under

Pennsylvania negligence law and no Defendant violated any constitutional right.

1.2     **The facts the parties <u>dispute</u> are as follows:**

Plaintiff disputes that the Defendants were unaware of his need to be separated from his

assaulters.  He further disputes that they acted with reasonable speed to halt the attack.

Defendants contend that their actions or inactions did not cause the assault or any of Wiggins'

injuries that he sustained on July 16, 2009.  Defendants' actions or inactions did not violate any

of Wiggins' constitutional rights.  Specifically, Defendants deny that Plaintiff notified any BOP

staff member that the individuals who assaulted him on July 16, 2009 were a threat to his safety.

Defendants deny that the individuals that assaulted Plaintiff were listed as separatees for

Plaintiff.  Defendants deny that they maintain a list of separatees based on prison gang

affiliation.  Defendants deny that Plaintiff expressed any concern for his safety prior to entering

the recreation cage on July 16, 2009.  Defendants deny that they knew or should have known that

Wiggins would be assaulted on July 16, 2009.

**agree** upon are as follows:

The parties agree that Mr. Wiggins was assaulted in the recreation cage, and that this attack

caused injury to Plaintiff.  The parties agree that at the time in question, all individual

Defendants were employees of USP Lewisburg.  The parties also agree that Defendants Yohe

and Edinger escorted Plaintiff through the recreation cage area on the day in question.

1.3    **The legal issues the parties dispute are as follows:**

Plaintiff disputes that the "discretionary function" bars his claims against the Defendants.

Defendants dispute that they breached any duty owed to Plaintiff.  Defendants' actions or

inactions did not cause the assault or any of Wiggins' injuries on July 16, 2009.  Defendants'

actions or inactions did not violate any of Wiggins' constitutional rights.

**agree** upon are as follows:

The parties agree that jurisdiction and venue are proper in this Court.

1.4    **Identify any unresolved issues as to service of process, personal jurisdiction,
       subject matter jurisdiction, or venue:**

None.

1.5    **Identify any named parties that have not yet been served:**

None.

1.6     **Identify any additional parties that:**

       **plaintiff(s) intends to join:**

None at this time.  Plaintiff reserves the right to add additional defendants based upon facts learned in discovery.

       **defendant(s) intends to join:**

None.

1.7     **Identify any additional claims that:**

       **plaintiff(s) intends to add:**

Plaintiff does not intend to add any other claims at this time.  However, investigation is

continuing and Plaintiff reserves the right to add additional claims as permitted by the rules.

       **defendant(s) intends to add:**

**2.0     Disclosures**

       **The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.**

Defendants made their initial disclosures on November 17, 2011. Plaintiff made his initial

disclosures on the date agreed upon by and between counsel, December 7, 2011.

2.1     **Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.**

       Disclosed by      <u>Defendants</u>     :

1.  B.A. Bledsoe, Warden;

2.  C. Maiorana, Warden (FCI Loretto);

3.  K. Bahre (Rear), Associate Warden;

4.  J. Dunkelberger, Case Management Coordinator;

5.  J. Adami, Unit Manager;

6.  F. Fosnot, Special Investigative Agent (SIA) former Acting Captain;

7.  F. Perrin, SIA;

8.  S. Heath, Lieutenant;

9.  N. Dreese, Special Investigative Technician;

10.  J. Fleming, Lieutenant;

11.  T. Crawford, Correctional Officer;

12.  J. Hepner, Lieutenant;

13.  J. Murray, Correctional Officer;

14.  T. Yost, Correctional Officer;

15.  R. Loss, Correctional Officer;

16.  G. Edinger, Correctional Officer;

17.  L. Yohe, Correctional Officer;

18.  D. Campbell, Correctional Officer;

19.  M. Hornberger, Correctional Officer;

20.  F. Passaniti, Unit Manager (FCC Allenwood);

21.  D. Deleone, Nurse;

22.  D. Mclintock, Paramedic;

23.  Ryan Parkyn, Assistant Health Services Administrator-paramedic;

**3.0   Early Motions**

**Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:**

Defendants may move for a protective order regarding particular documents that implicate institutional security.  Negotiations regarding this agreement are ongoing between counsel for both parties.

**4.0     Discovery**

  4.1     **Briefly describe any discovery that has been completed or is in progress:**

           **By plaintiff(s):**

None.

           **By defendant(s):**

None.

  4.2     Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for
           each discovery undertaking its purpose or what kinds of information will be
           developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller,
           to learn what defendant's revenue recognition policies were and how they were
           applied to the kinds of contracts in this case"):

(1)  <u>Document Requests</u>

     Plaintiff will request documents concerning the (1) Bureau of Prison's policies

     regarding inmate cell assignment and transfer, movement within prisons, recreation

     cages, searches, and videotaping, amongst other topics, (2) the disciplinary records of

     the defendants and (3) the events leading up to the assault, including, but not limited

     to, incident reports from Corrections Officers, video, audio, or photographic records,

     any records of internal investigations at USP Lewisburg, the contents of Plaintiff's

     Federal Bureau of Prisons file and any medical records relating to the assault, amongst

     other topics.

(2)  <u>Interrogatories</u>

     Plaintiff will serve interrogatories to learn, for example, the identity of any potential

     witnesses, the Defendants' roles and experience at the prison, and the factual basis for

     Defendants' contentions, amongst other topics.

(3) <u>Depositions</u>

Plaintiff will need to depose the Defendants in this matter, any witnesses to the attack,

medical personnel who treated Plaintiff, and other witnesses who emerge during the

course of discovery.

4.3     Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which</u>
        <u>another party objects</u>, indicating for each such discovery undertaking its purpose
        or what kinds of information would be developed through it:

        None at this time.

4.4     Identify any <u>subject area limitations on discovery</u> that one or more parties would
        like imposed, at the first stage of or throughout the litigation:

        Plaintiff cites no subject area limitations for discovery at this time.

4.5     For each of the following discovery tools, <u>recommend the per-party or per-side</u>
        <u>limitation</u> (specify a number) that should be fixed, subject to later
        modification by stipulation or court order on an appropriate showing (where the
        parties cannot agree, set forth separately the limits   recommended by plaintiff(s)
        and by defendant(s)):

        4.5.1 **depositions (excluding experts) to be taken by**:

                plaintiff(s):_25___           defendant(s):_25___

        4.5.2 **interrogatories to be served by**:

                plaintiff(s):_25___           defendant(s):_25___

        4.5.3 **document production requests to be served by**:

                plaintiff(s):_35___           defendant(s):_35___

4.5.4 **requests for admission to be served by**:

plaintiff(s): __25__              defendant(s): __25__

4.6     Discovery of Electronically Stored Information

Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

Counsel have conferred regarding electronic discovery.

Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

N/A

# 5.0     **Protective Order**

5.1     If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

5.2     If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

   Counsel for both parties are currently in negotiations regarding a protective order concerning information and documents that implicate institutional security.  Within 45 days of the filing of this Joint Case Management Plan, the parties will either file an agreed upon protective order with the Court, or will file a protective order with the court that reflects those portions to which the parties agree and those portions on which the parties disagree, with a statement of the position of each.

# 6.0     **Scheduling**

6.1     **Final date for joining additional parties:**

   ____July 20, 2012_____ Plaintiff(s)
   ____July 20, 2012_____ Defendants(s)

6.2   **Final date for amending pleadings**:

    July 20, 2012    Plaintiff(s)

    July 20, 2012    Defendants(s)

6.3   **All fact discovery commenced in time to be completed by**:

    July 6, 2012

6.4   **All potentially dispositive motions should be filed by**:    October 19, 2012

6.5   **Reports from retained experts due:**

   **from plaintiff(s) by**     August 17, 2012

   **from defendant(s) by**     September 14, 2012

6.6   **Supplementations (replies/rebuttals) due**    September 28, 2012

6.7   **All expert discovery commenced in time to be completed by**   October 5, 2012

6.8   **This case may be appropriate for trial in approximately**:

   __ 240 Days from the filing of the action in this court

    x  365 Days from the filing of the action in this court

   __ Days from the filing of the action in this court

6.9   **Suggested Date for the final Pretrial Conference:**

   December, 2012    (month/year)

6.10   **Trial**

   6.10.1  **Suggested Date for Trial:**

      January, 2013    (month/year)

**7.0**   **Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Ronnie Wiggins
Name

_____
Title

USP McCreary

P.O. Box 3000

Pine Knot, KY  42635
Address

(606) 354 - 7000            Daytime Telephone


Peter J. Smith
Name

United States Attorney – Middle District of Pennsylvania
Title

228 Walnut Street, P.O. Box 11754

Harrisburg, PA   17108
Address

(717) 221 - 4482            Daytime Telephone

Michael Tafelski
Northeast Regional Counsel – BOP
US Customs House
2nd and Chestnut Streets
Philadelphia, PA 19106
570-521-7376

**8.0   Alternative Dispute Resolution ("ADR")**

8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure_____

Date ADR to be commenced_____
Date ADR to be completed_____

8.2     If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

Plaintiff would be willing to participate in a settlement conference at the close of discovery.

8.3     If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

## 9.0     Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

**All parties agree to jurisdiction by a magistrate judge of this court**:  __ Y  _X_ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

_____ Scranton/Wilkes-Barre

_____ Harrisburg

## 10.0    Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

## 11.0    Identification of Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk=s Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also

please indicate ECF User status below.

/s/ Francis J. Dermody
Stephen D. Brown
Christine C. Levin
Jennifer L. Burdick
Sean P. McConnell
Dechert LLP
Cira Centre
2929 Arch St.
Philadelphia, PA 19104

Attorney(s) for Plaintiff(s)

X      ECF User(s) (except Stephen D. Brown and Sean P. McConnell)
O      Waiver requested (as separate document)
O      Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated:                    Timothy S. Judge
Assistant United States Attorney
235 N. Washington Ave.
P.O. Box 309
Scranton, PA 18503
570-348-2800

Attorneys(s) for Defendant(s)

X      ECF User(s)
G      Waiver requested (as separate document)
G      Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated:

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial
pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly
held corporation that owns 10% or more of its stock, or state there is no such corporation.