IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONNIE G. WIGGINS,<br>　　Plaintiff, | : :<br>: | |
| V. | : :<br>: | Civil Action No.: 3:11-cv-1298 |
| BRIAN A. BLEDSOE, et al.<br>　　Defendants. | :<br>: | (Judge Munley)<br>Electronically Filed |

## STIPULATIONS AND ORDER FOR THE CONFIDENTIAL TREATMENT OF DISCOVERY DOCUMENTS AND DEPOSITIONS

WHEREAS, the allegations and discovery in this case unavoidably relate to matters that may be protected under Federal Rule of Civil Procedure 26(c); and

WHEREAS, it is reasonably anticipated that there will be significant interest from the media and public in the depositions and documents produced in the discovery phase of this case that poses legitimate health and safety concerns to all parties in this case and that also pose the potential of disruption and prejudice; and

WHEREAS, Plaintiff Ronnie G. Wiggins ("Plaintiff") and B.A. Bledsoe, Warden; C. Maiorana, Associate Warden (Currently assigned to FCC Allenwood); K. Bahre (Rear), Associate Warden; J. Dunkelberger, Case Management Coordinator; J. Adami, Unit Manager; J. Fosnot, Special Investigative Agent; F. Perrin, Special Investigative Agent; S. Heath, Lieutenant; N. Dreese, Special Investigation Technician; Flemming, Lieutenant; T. Crawford, Correctional Officer; J. Hepner, Lieutenant; J. Murray, Correctional Officer; T. Yost,

Correctional Officer; R. Loss, Correctional Officer; G. Edinger, Human Resources Specialist; L. Yohe, Correctional Officer; D. Campbell, Correctional Officer; M. Hornberger, Correctional Officer; and the United States of America (collectively referred to as Defendants), by and through their counsel, hereby covenant and agree to the terms and conditions set forth herein, intending to be legally bound thereby.

In support of an appropriate order adopting the terms of this Stipulation and Confidentiality Order, the parties submit the following:

WHEREAS, in the course of this civil action, the parties may disclose, either voluntarily or pursuant to legal process, documents and information to which the parties would not be entitled to absent this litigation.

WHEREAS, the parties believe that said documents and information may include references to personnel matters, personnel files, medical records, SIS investigations, OIA investigations, written discipline, Defendant's internal operations, protected information under the Privacy Act, and information implicating the Bureau of Prison's ("BOP") institutional security.

WHEREAS, the parties intend, as set forth herein, to allow the appropriate use of confidential information in the course of this litigation, but to otherwise

prohibit the parties or their agents from discussing, disclosing or revealing said documents or information.

WHEREAS, the disclosure of the parties' confidential personnel or medical information may impinge on the legitimate privacy and/or health and safety interests of and/or cause undue embarrassment to non-parties and parties.

NOW, THEREFORE, the parties hereby agree and stipulate as follows:

1.  <u>Confidential Information Defined:</u> CONFIDENTIAL INFORMATION is defined as: (a) those documents or testimony that reveal personal information about staff, inmates or security and investigative techniques within the USP Lewisburg; (b) information that, if disclosed to the public, has a foreseeable likelihood to endanger the safety of BOP staff, the families of BOP staff, or inmates and their families; (c) information which could assist an inmate in an escape; and (d) private personal information of Plaintiff or Defendants relating to medical treatment, conditions, or other medical records.

2.  <u>Designating Documents or Testimony:</u>

(a) Any party producing or disclosing documents, information, records, whether electronic or otherwise, responses to interrogatories or discovery requests, audio or video recordings, or similar things during the course of this litigation (collectively referred to as "Litigation Material") may designate as Confidential

3

any Litigation Material, or portions thereof which the Producing Party believes, in good faith, constitute or contain non-public Confidential Information.

(b) To mark something Confidential, the Producing Party shall stamp the document, or any portion thereof: "CONFIDENTIAL," designate the document "Confidential" in the Confidential Legend, and advise the receiving party in writing as to the particular documents designated "Confidential."

(c) Parties agree to only designate as Confidential the smallest segment of a document, or record as is necessary to protect the Confidential information. Only documents bearing the "CONFIDENTIAL" designation shall be deemed CONFIDENTIAL INFORMATION and subject to the provisions of this Stipulation.

(d) In the event that deposition or trial transcripts are created in this action, a party may designate information disclosed as "CONFIDENTIAL" by requesting that the Court designate all or part of the transcript as Confidential at the time of the deposition or in writing within ten calendar days after receipt of the transcript; provided, however, that the entire deposition shall be treated as Confidential during such ten day period. The parties agree that they shall request to be marked as confidential the smallest segment necessary (a word, sentence, paragraph or page) to protect the information. Any party invoking Confidential protection during a

4

deposition may exclude from the room any person who is not authorized to receive information designated as Confidential.

3.  Possession and Disclosure of Confidential Information:

(a) Documents marked as CONFIDENTIAL INFORMATION by Defendants may not be possessed by Plaintiff who is an inmate of the federal Bureau of Prisons. Plaintiff may not make any notes of CONFIDENTIAL INFORMATION or possess any reproduction in any form of CONFIDENTIAL INFORMATION.

(b) CONFIDENTIAL INFORMATION may be disclosed by either party or their counsel only to:

i)   The parties' expert(s);

ii)  Secretaries, legal assistants, paralegals, associates or assistants of either parties' counsel and/or the parties' expert(s) when working under the direct supervision of said counsel or expert(s) and when such disclosure is reasonably necessary to the preparation for trial or the trial of this case; and,

iii) Court personnel including, but not limited to, stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial.

5

4. <u>Viewing and Discussing Confidential Information:</u> Counsel for Plaintiff may permit Plaintiff to view any CONFIDENTIAL INFORMATION in preparation of his case. Counsel may also discuss any CONFIDENTIAL INFORMATION with Plaintiff.

5. <u>Filing Confidential Information:</u> CONFIDENTIAL INFORMATION produced in this action, including transcripts and exhibits, that are presented to or filed with the Court shall be submitted under seal, unless the parties otherwise agree or the Court otherwise orders.

6. The use at trial and admission into evidence of CONFIDENTIAL INFORMATION shall be subject to the Court's control in accordance with generally applicable rules of evidence.

7. Except as set forth above, no CONFIDENTIAL INFORMATION shall be disclosed by any person to whom it has been furnished, absent the written permission of the producing party, or permission of the Court after the filing of an appropriate motion, and pursuant to the entry of an order.

8. The parties agree that at the conclusion of this litigation, and any appeal that may result, all CONFIDENTIAL INFORMATION provided in the course of this litigation and in the possession of either party, their attorneys or agents, shall be

returned to the producing party or destroyed with a certification of such destruction.

9. Counsel for both parties will advise their clients of their obligations under this Stipulation, and will likewise advise all expert(s) and secretaries, legal assistants, paralegals, associates or assistants to whom CONFIDENTIAL INFORMATION is disclosed of their obligations under the Stipulation.

10. Should any party object to the confidential status of material produced or designated by any person, including transcripts and exhibits, such material shall, until further order of this Court, be treated as CONFIDENTIAL INFORMATION in accordance with the provisions of this Stipulation and Order.

11. Should a party object to the confidential status of material produced or designated as CONFIDENTIAL INFORMATION, including transcripts and exhibits, and should such party fail to informally resolve such dispute with the person producing or designating such CONFIDENTIAL INFORMATION, then such party may submit its dispute to this Court for resolution. The opposing party shall have 14 days, or such longer time as the Court may order, to respond to such submission. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper. Nothing herein shall be deemed to waive or limit

any party's assertion or objection to the classification of documents or information as CONFIDENTIAL INFORMATION.

12. This Stipulation shall remain in force and effect unless and until modified, superseded, or terminated by written consent of the parties or by Order of the Court made upon motion, with notice to the opposing party.

13. The parties agree that this Stipulation shall, within ten (10) days of the execution hereof, be presented to the Court for approval in the form of an Order, a copy of which is attached hereto.

14. <u>Prohibited Confidential Information:</u> If either party believes that any document or information should be withheld from being shown to Plaintiff, then, either by separate agreement by the parties or order by the Court, the document shall be marked "PROHIBITED CONFIDENTIAL INFORMATION". PROHIBITED CONFIDENTIAL INFORMATION is defined as any information that falls under the definition of CONFIDENTIAL INFORMATION in paragraph 1 and meets the additional requirement that showing or discussing the information with Plaintiff would pose a significantly heightened risk to safety of persons and institutional security. Such material will be subject to the terms of this Stipulation as well as the increased requirement that Plaintiff not be permitted to view the material. The party proposing applying this heightened restriction on any

document, record, or portion thereof must consult with opposing counsel regarding any documents the party believes should be marked PROHIBITED CONFIDENTIAL INFORMATION. If counsel are unable to reach an agreement, the party proposing the heightened restriction will file a motion with the Court, to which the other party will have seven (7) days to respond.

Respectfully submitted,

*/s/ Timothy S. Judge*

PETER J. SMITH
United States Attorney
Timothy S. Judge
Assistant United States Attorney
William J. Nealon Federal Building and Courthouse
235 N. Washington Avenue
P.O. Box 309
Scranton, PA 18503
(570) 348-2800
Timothy.Judge@usdoj.gov

Attorney for Defendants

*/s/*

Stephen D. Brown
Christine C. Levin
Jennifer L. Burdick
Francis J. Dermody
Sean P. McConnell
DECHERT LLP

Cira Centre
2929 Arch Street
Philadelphia, PA  19104
(215) 994-4000

Attorneys for Plaintiff


Date:  February 10, 2012