PJS:TSJ:kas

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONNIE G. WIGGINS,** | : | **CIVIL NO.   3:11-CV-1298** |
| **Plaintiff,** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **BRIAN A. BLEDSOE, <u>et al.</u>,** | : | |
| **Defendants.** | : | **Filed Electronically** |

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR
## <u>MOTION FOR A PROTECTIVE ORDER AND TELECONFERENCE</u>

Pursuant to Fed. R. Civ. P. 26(c), Defendants, by and through their counsel,

Peter J. Smith, United States Attorney for the Middle District of Pennsylvania, and

Timothy S. Judge, Assistant United States Attorney, hereby request this Court to

issue a protective order staying all discovery pending the resolution of the

dispositive motion filed by all Defendants.   Additionally, Defendants request a

teleconference at the Court's earliest convenience to discuss notices of nine (9)

depositions received by the undersigned on November 15, 2012, scheduling the

depositions for November 26-30, 2012.[1]   (Exhibit A.)

---

[1] The undersigned requests a teleconference with the Court and opposing counsel to discuss staying all discovery until the resolution of Defendants dispositive motion. Alternatively, the Court should temporarily stay all discovery pending the resolution of the instant motion for a protective order.   As will be discussed below, the undersigned received notices for 9 depositions for the week of November 26-30. The parties previously stipulated to a discovery deadline of November 30, 2012.

# I.     __BACKGROUND__

This civil action concerns allegations against the United States and its officers based on an assault of Plaintiff, Ronnie Wiggins, a federal inmate.   (Doc. 15 at 2.) The assault by four inmates occurred in a recreation cage at United States Penitentiary Lewisburg on July 16, 2009.   (Id.)

On November 22, 2011, Plaintiff, through counsel, filed his Amended Complaint alleging deliberate indifference claims under the Eighth Amendment and Bivens[2] as to individually named defendants B.A. Bledsoe; C. Maiorana; K. Bahre (Rear); J. Dunkelberger; J. Adami; J. Fosnot; F. Perrin; S. Heath; N. Dreese; J. Flemming; T. Crawford; J. Hepner; J. Murray; T. Yost; R. Loss; G. Edinger; L. Yohe; D. Campbell; and M. Hornberger.   (Id.)   It is alleged that defendants B.A. Bledsoe; C. Maiorana; K. Bahre (Rear); J. Dunkelberger; J. Adami; J. Fosnot; F. Perrin; S. Heath; and N. Dreese were deliberately indifferent by placing Plaintiff in close proximity to his assailants who were members or associates of the Dirty White Boys prison gang.   (Id. at 16, ¶ 75.)   Plaintiff alleges that defendants Bahre (Rear), J. Flemming; T. Crawford; J. Hepner; J. Murray; T. Yost; R. Loss; G. Edinger; L. Yohe; D. Campbell; and M. Hornberger were deliberately indifferent by failing to

---

[2] Bivens v.   Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

intervene in the assault of Plaintiff.   (Doc. 15 at 16-17, ¶ 76.)

Additionally, the United States is named as a defendant pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, et seq.   Plaintiff alleges that that the United States and its officers were negligent by failing to protect him from the assault.   (Doc. 15 at 17-18.)

On January 19, 2012, the parties entered a Case Management Plan on the docket.   (Doc. 17.)   Since that date, the parties have engaged in extensive discovery including interrogatories to each of the individual defendants and the United States.   Further, Defendants have produced extensive amounts of documents.   Additionally, Plaintiff has taken three (3) depositions.   In order to facilitate discovery, the parties reached an amicable agreement to protect the sensitive nature of certain documents produced.   (Docs. 18-20.)

On August 2, 2012, the parties filed an amended Case Management Plan requesting that deadlines be extended.   (Doc. 21.)   The plan includes the parties' stipulation to take 25 depositions each.   (Id.)   Additionally, the plan identifies a stipulated discovery deadline of November 30, 2012.[3]

On November 13, 2012, counsel for Plaintiff left a voice message for the undersigned seeking to schedule the next round of depositions.   On November 14,

---

[3] The Court has not issued a case management order as of this date or held a case management conference.

2012, the undersigned informed counsel for the Plaintiff that Defendants would be filing a dispositive motion raising the defense of qualified immunity as well as other claims.   Further, the undersigned informed Plaintiff's counsel that Defendants would be filing for a motion for protective order seeking a stay of discovery until the Court resolves the dispositive motion based on the assertion of qualified immunity and Defendants' other claims which could terminate the entire proceedings or significantly narrow the issues in the case.

On November 15, 2012, Defendants received notices of depositions for nine (9) defendants for the week of November 30, 2012.   (Exhibit A.)

On November 16, 2012, Defendants filed a motion to dismiss and for summary judgment.   Based on the filing of Defendants' dispositive motion, the Court should schedule a teleconference and issue a protective order staying discovery until the resolution of Defendants' dispositive motion or, alternatively, until at least the resolution of the instant motion for a protective order.

## II.    QUESTIONS PRESENTED

Should the Court hold a teleconference and issue a protective order staying discovery until either Defendants dispositive motion has been resolved or, alternatively, until the instant motion has been resolved?

**Suggested Answer**: In the Affirmative.

## III.   <u>ARGUMENT</u>

Each individual Defendant will be raising qualified immunity as a defense in support of their motion to dismiss and for summary judgment.   Additionally, the United States will be asserting that the FTCA claim was filed outside the statute of limitations.   Alternatively, the United States is asserting the FTCA claim is precluded by the discretionary function exception.   Because the pending dispositive motion may result in the entire matter being terminated a stay of discovery is warranted.

Federal Rule of Civil Procedure 26(c) empowers the Court to issue a wide variety of orders for the protection of parties in the discovery process and applies to all forms of discovery.   Fed. R. Civ. P. 26(c); <u>Wright & Miller</u>, 8 Fed. Prac. & Proc. Civil, § 2035 at 260-61.   Rule 26(c) was promulgated as a safeguard for the protection of parties in view of the otherwise almost unlimited right of discovery given by Rule 26(b).   <u>Wright & Miller</u>, § 2036 at 267.   Upon good cause shown, the person from whom discovery is sought may, by way of motion, seek protection from the Court.   <u>Wright & Miller</u>, § 2035 at 261.   The party seeking the protective order has the burden of establishing an adequate reason for the Court to protect it. <u>Wright & Miller</u>, § 2035 at 264-65; <u>see</u> <u>also</u> <u>Essex Wire Corp. v. Eastern Elec. Sales</u>

Co., 48 F.R.D. 308, 310 (E.D. Pa. 1969); Davis v. Romney, 55 F.R.D. 337, 340 (E.D. Pa. 1972).

Defendants have filed a motion which will be support by a brief asserting qualified immunity as to each and every individual Defendant, the statute of limitations under the FTCA, and the discretionary function exception to the FTCA. A reason behind the qualified immunity defense is to prevent government officials from devoting time away from their duties to engage in speculative discovery proceedings.  Iqbal v. Ashcroft, 129 S. Ct. 1937, 1950 (2009).  "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."  Siegart v. Gilley, 500 U.S. 226, 232 (1991).

The United States Supreme Court has recognized that the qualified immunity doctrine "'permit[s] the resolution of many insubstantial claims on summary judgment' and to avoid 'subject[ing] government officials either to the costs of trial or to the burdens of broad-reaching discovery' in cases where the legal norms the officials are alleged to have violated were not clearly established at the time." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 817-818 (1982)).  "Even if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled

6

to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts." Id. The Supreme Court further observed as follows:

> Harlow thus recognized an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law. The entitlement is an *immunity from suit* rather than a mere defense to liability. . . .

Id. (emphasis in original).

Here, Defendants have filed motion to dismiss and for summary judgment. Pursuant to Local Rule 7.5, a brief in support is not due for 14 days. Defendants will assert qualified immunity as to each and every individual Defendant. On November 15, 2012, Plaintiff served notices of nine (9) depositions to be taken the week of November 26, 2012. Additionally, Plaintiff may attempt to take another 13 depositions beyond that up to the 25 limit to which the parties had previously stipulated. Defendants have engaged in extensive discovery thus far by responding to interrogatories, producing voluminous documents, and three (3) depositions. Defendants should not face further burdens of litigation until the Court resolves their qualified immunity defense. Absent a stay, Defendants will be required to engage in further time consuming and costly discovery and effectively surrender the protection afforded by the defense of qualified immunity. Seigert, 500 U.S. at 233

(observing that qualified immunity "like an absolute immunity, . . . is effectively lost if a case is erroneously permitted to go to trial").

Any delay in the proceedings will not prejudice Plaintiff.   The inconvenience of a stay to Plaintiff is far outweighed by the prejudice to Defendants where continued discovery will result in the loss of the protections from burdensome and costly discovery afforded by the defense of qualified immunity.   The Supreme Court has "stressed the importance of resolving qualified immunity questions at the earliest possible stage in the litigation."   Hunter v. Bryant, 502 U.S. 224, 227 (1991).

Similarly, the United States will be asserting the jurisdictional defense that the FTCA claim filed by Plaintiff with this Court was beyond the six (6) month statute of limitations required under 28 U.S.C. § 2675(a).   The six (6) month statute of limitation is jurisdictional.   White-Squire v. U.S. Postal Serv., 592 F.3d 453, 457 (3d Cir. 2010); Barrett v. U.S., Civ. No. 3:09-CV-1017, 2010 WL 2218627, * 2 (M.D. Pa. May 28, 2010)(Judge Munley).   This Court is required to determine whether it has subject matter jurisdiction and a party may raise the issue at any time. Henderson ex rel. Henderson v. Shinseki, --- U.S. ---, 131 S. Ct. 1197, 1202 (2011).

Likewise, the United States will assert the jurisdictional defense of the discretionary function exception to Plaintiff's FTCA claim.   The Court should

8

determine whether the exception applies and, thus, its subject matter jurisdiction before permitting discovery to continue.   S.R.P. ex rel. Abunabba v. U.S., 676 F.3d 329, 331-333 (2012).

Based on the above, a favorable determination on Defendants motion to dismiss and for summary judgment would terminate the entire proceedings. Accordingly, "[u]til the threshold immunity question is resolved, discovery should not be allowed.   Harlow, 457 U.S. at 818.; see also Womack v. Smith, Civ. No. 1:06-cv-2348 (M.D. Pa. Sept. 29, 2009)(Judge Conner)(copy attached); Santos v. Bledsoe, Civ. No. 3:10-CV-1599, 2011 WL 3739311 (M.D. Pa. Aug. 23, 2011)(M.J. Carlson)(copy attached); Kerce v. Lappin, Civ. No. 3:10-CV-1647, 2011 WL 208413 (M.D. Pa. Jan. 20, 2011)(copy attached).   Similarly, the Court should dispose of the jurisdictional defenses to Plaintiff's FTCA claims prior to any further discovery.

## IV.   <u>CONCLUSION</u>

Wherefore, Defendants respectfully request the Court to issue a protective

order staying discovery pending the resolution of their dispositive motion or issue a

teleconference at the earliest convenience of the Court.

Respectfully submitted,

PETER J. SMITH
United States Attorney

s/Timothy Judge
TIMOTHY JUDGE
Assistant U.S. Attorney
PA 203821
Kimberly A. Stevens
Paralegal Specialist
PO Box 309
Scranton, PA 18501
Phone: 570-348-2800
Date: November 16, 2012          Fax: 570-348-2830

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONNIE G. WIGGINS,** | : | **CIVIL NO.   3:11-CV-1298** |
| **Plaintiff,** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **BRIAN A. BLEDSOE, <u>et al.,</u>** | : | |
| **Defendants.** | : | **Filed Electronically** |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on November 16, 2012, she served a copy of the attached

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR
## MOTION FOR A PROTECTIVE ORDER AND TELECONFERENCE

By electronic means through the ECF system to-

Christine C. Levin
David John Stanoch
Francis J. Dermody, III
Jennifer L. Burdick
Sean P. McConnell
Stephen D. Brown

<u>s/ Jodi Matuszewski</u>
Jodi Matuszewski
Legal Assistant

11