## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONNIE G. WIGGINS, | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | **CIVIL NO. 3:11-CV-1298** |
| | : | |
| BRIAN A. BLEDSOE, et al., | : | **(Judge Munley)** |
| | : | |
| **Defendants** | : | |

## ORDER

### Background

Ronnie G. Wiggins, an inmate presently confined at the United States Penitentiary

McCreary, Kentucky, initiated this combined Bivens[1]-type civil rights and Federal Tort

Claims Act (FTCA) action. Plaintiff is represented by counsel. An Amended Complaint

was filed on November 2, 2011. See Doc. 22. Presently pending is Plaintiff's motion to

compel discovery. See Doc. 31. The opposed motion is ripe for consideration.

Wiggins' action regards events which allegedly transpired while he was previously

confined in the Special Management Unit (SMU) at the United States Penitentiary,

Lewisburg, Pennsylvania (USP-Lewisburg). Named as Defendants are the United States

of America and various USP-Lewiburg officials. It is asserted that Plaintiff was

---

[1]    Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S.
388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury
to a constitutionally protected interest could invoke the general federal question jurisdiction
of the district court to obtain an award of monetary damages against the responsible federal
official." Butz v. Economou, 438 U.S. 478, 504 (1978).

1

transferred to USP-Lewisburg and placed in the SMU at that facility because of threats to his safety made by members of the Dirty White Boys gang.

According to the Plaintiff, he was assaulted in an SMU recreation cage by four (4) inmates on July 16, 2009. The four assailants are described as being known members of the Dirty White Boys. Wiggins was stabbed a total twenty-two (22) times and suffered serious injury requiring surgery and hospitalization.

The Amended Complaint contends that USP-Lewisburg officials failed to protect Wiggins' safety or at a minimum acted in a negligent manner by failing to keep the Plaintiff separated from his inmate assailants despite the fact that it was commonly known that those prisoners posed a threat to Plaintiff's safety.[2] Second, Wiggins asserts that the correctional officers on duty in the SMU upon the day of the attack were deliberately indifferent or negligent because they failed to intervene on Wiggins' behalf while the assault was in progress.[3]

Plaintiff's pending motion to compel discovery states that Defendants were served with interrogatories which in part sought information identifying and describing all prior incidents of inmate on inmate stabbings and assaults in the SMU recreation cages "since

---

[2] Prison officials violate an inmate's right to be free from cruel and unusual punishment when, through intentional conduct or deliberate indifference, they subject the inmate to violence at the hands of another prisoner. Young v. Quinlan, 960 F.2d 351, 361 (3d Cir. 1992); Farmer v. Brennan, 511 U.S. 825, 837 (1994).

[3] A prison official who witnesses a prisoner being physically assaulted but who fails to take any steps to protect the prisoner cab be found in violation of the Eighth Amendment. Estate of Davis v. Delo, 115 F.3d 1388, 1395-96 (8th Cir. 1997); Gaudreault v. Salem, 923 F.2d 203, 207 n. 3 (1st Cir.), cert. denied, 500 U.S. 956 (1990).

the beginning of the SMU at USP Lewisburg in 2008." Doc. 31-3, p. 2.   The pending

motion seeks to compel production of said information.

Defendants counter that the information at issue is not relevant or likely to lead to

admissible evidence and is subject to the law enforcement privilege.  See Doc. 35, p. 1.

They further point out that there is no internal tracking procedure which could produce

the requested information.  As such, locating and providing the requested information

would impose an undue burden.

**Discussion**

Federal Rule of Civil Procedure 26 provides in relevant part:

> Parties may obtain discovery regarding any  nonprivileged
> matter that is relevant to any party's claim or defense –
> including the existence, description, nature, custody,
> condition, and location of any documents or tangible things
> and the identity and location of persons who know of any
> discoverable matter. ... Relevant information need not be
> admissible at the trial if the discovery  appears reasonably
> calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Rule 26 establishes a liberal discovery policy.  Great West Life Assurance Co. v.

Levithan, 152 F.R.D. 494, 497 (E.D. Pa. 1994).  Discovery is generally permitted of any

items that are relevant or may lead to the discovery of relevant information.  Hicks v. Big

Bros./Big Sisters of Am., 168 F.R.D. 528, 529 (E.D. Pa. 1996); Stabilus v. Haynsworth,

Baldwin, Johnson & Greaves, P.A., 144 F.R.D. 258, 265-66 (E.D. Pa. 1992)(when there

is no doubt about relevance a court should tend toward permitting discovery).  Moreover,

3

discovery need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence. Callahan v. A.E.V., Inc., 947 F. Supp. 175, 177 (W.D. Pa. 1996); Momah v. Albert Einstein Medical Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996).

Although "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." Stabilus, 144 F.R.D. at 265. The court will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information. S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc., No. 90-1731, 1991 WL 21655, at *2 (E.D. Pa. Feb. 15, 1991); see generally 8 Charles Alan Wright, et al., Federal Practice and Procedure §§ 2007-2013 (2d ed. 1990).

The burden is on the objecting parties to demonstrate in specific terms why a discovery request is improper. Hicks, 168 F.R.D. at 529; Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982). The party objecting to discovery must show that the requested materials do not fall "within the broad scope of relevance . . . or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure . . . ." Burke v. New York City Police Dep't, 115 F.R.D. 220, 224 (S.D.N.Y. 1987). Furthermore, federal policy favors broad discovery in civil rights actions, which "should be resolved by a determination of the truth rather than a determination that the truth shall remain hidden." Inmates of Unit 14 v.

4

Rebideau, 102 F.R.D. 122, 128 (N.D. N.Y. 1984).[4]

It is initially noted that a review of the parties' submissions establishes that there is a difference in opinion as to when the USP-Lewisburg SMU program began.  Plaintiff is of the belief that the SMU started in 2008.  See Doc. 31-3, p. 2.  While Defendants indicate that the SMU started in approximately 2001.  See Doc. 35, p. 3.  This seven (7) year difference is clearly critical as to the issue of undue burden.[5]  The Court will accept the Defendants' contention that the prison's SMU program began in approximately 2001.

As previously noted, there is clearly a presumption in favor of broad disclosure and this Court is satisfied that  Plaintiff has established  that the requested materials at issue herein, records of inmate on inmate assaults in the USP-Lewisburg SMU recreation cages, arguably have more than marginal relevance to the pending Bivens and FTCA claims of failure to protect and negligence.  See Hayes v. Corrections Corp. Of America, 2011 WL 3962153 * 3  (D. Idaho Sept. 7, 2011)(inmate plaintiff should be permitted the chance to prove that based on past assaults, the risk was so obvious the defendants must have known that the plaintiff faced a substantial risk of serious harm) .

However, this Court is equally satisfied that Defendants have met their  burden

---

[4] Clearly, in order to ensure the secure operation of a correctional facility, there are certain internal procedures which must be protected from disclosure to the public.  See McDowell v. Litz, No. 1:CV-08-01453, 2009 WL 2058712, at *4 (M.D. Pa., July 10, 2009).

[5] The burden of producing information for an 8 year period far surpasses the burden relating to an approximately 2 year period.

under <u>Hicks</u> and <u>Goodman</u> of showing that production of information relating to the SMU since its inception in approximately 2001 would require a significant undertaking of time and effort, imposing an undue burden.

In order to balance Plaintiff's right to discover evidence with the Defendants' security and undue burden concerns, Defendants will be directed to provide Plaintiff with descriptions of all prior incidents of inmate on inmate stabbings and assaults in the SMU recreation cages from July 1, 2008[6] to July 16, 2009 (the date of the assault on Plaintiff)

Any information that is asserted to be sensitive or confidential may be redacted. Furthermore, the parties' use of this discovery material shall be subject to their previously executed and court approved stipulation regarding the confidential treatment of discovery documents. See Doc. 20. Finally, Defendants will be granted sixty (60) days from the date of this Order in which to provide said information.

**AND NOW**, to wit, this 4th day of September 2013, it is hereby **ORDERED** that:

   1.    Plaintiff's motion to compel discovery (Doc. 31) is

         **GRANTED IN PART.**

---

[6] This starting date takes into consideration Plaintiff's representation that he was only seeking documents from 2008 to the date of the attack. <u>See</u> Doc. 31-3, p. 2.

2.    Within sixty (60) days of the date of this Order, Defendants will be directed to provide Plaintiff with descriptions of all prior incidents of inmate on inmate stabbings and assaults in the SMU recreation cages from July 1, 2008 to July 16, 2009.

3.    Any information that is asserted to be sensitive or confidential may be redacted and the handling of the discovery is subject to the parties' prior stipulation concerning the confidential treatment of discovery documents.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court