IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WIGGINS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BLEDSOE, et al.,<br><br>　　　　　Defendants. | CIVIL ACTION<br><br>Case No.: 3:11-cv-1298<br><br>Filed Electronically |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

**I.　Introduction**

On July 16, 2009, Plaintiff Ronnie Wiggins was an inmate in federal penitentiary at Lewisburg. On that day, he was stabbed 22 times in a recreation cage by four other inmates. Mr. Wiggins filed an amended complaint on November 22, 2011 alleging that Warden Bledsoe, in addition to others at Lewisburg, was responsible for his stabbing by violating his Eighth Amendment rights. Mr. Wiggins now seeks to amend his complaint to spell out further the basis of his claim against Defendant Bledsoe.

Plaintiff Wiggins requests that the Court grant his motion to amend the complaint because the amendment merely adds further detail to a claim that has been clear to Defendant Bledsoe and his counsel for three years. Furthermore, there has been no prejudice because there has been no surprise.

**II.     Facts**

On November 22, 2011, Plaintiff filed an Amended Complaint arising out of the July 16, 2009 stabbing incident.  Among other claims, Plaintiff's Amended Complaint alleged that Defendant Bledsoe violated Mr. Wiggins' Eighth Amendment rights when he was deliberately indifferent to a substantial risk of serious harm to Mr. Wiggins.

Over the course of the next three years, the precise theory and nature of Plaintiff's Eighth Amendment claims against Defendant Bledsoe became clear to Defendant Bledsoe.  For example, Plaintiff filed a Motion to Compel on December 21, 2012 that explained:  "Plaintiff's theories are based both on specific communications to the Defendants regarding Wiggins' safety, as well as the overall threat of violence that was documented by previous inmate-on-inmate violence in the recreation cages and at USP Lewisburg . . . The number of incidents and degree of violence provide notice to the Defendants that the procedure in place for recreation cage assignments and the authorities' responses to those incidents were inadequate." (Dkt. 31-3).

On February 26, 2013 and January 28, 2014, Mr. Wiggins' counsel questioned Defendant Bledsoe extensively at two depositions about prisoner attacks in the recreation cages, his response to those attacks, the design of the

recreation cages, and procedures for staff to respond to attacks in the recreation cages. Defendant Bledsoe's counsel did not object to those lines of questioning.

Plaintiff's Expert Mark Bezy, a former warden in the Federal Bureau of Prison with 30 years of corrections experiences, also spelled out the nature of the Plaintiff's Eighth Amendment claims against Defendant Bledsoe prior to the close of discovery in his report dated November 5, 2014. *See* Exhibit 49 to Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment. Defendant Bledsoe chose not to respond to the report, take Mr. Bezy's deposition, or move to exclude his report.

Plaintiff's Second Amended Complaint seeks to add the following 4 sentences:

76. Defendant Bledsoe was aware prior to July 16, 2009 that SMU inmates face a substantial risk of serious harm from violent assaults in the USP Lewisburg recreation cages because of high levels of violence in the SMU recreation cages, including armed assaults in which inmates were attacked by inmates other than their cellmates. Defendant Bledsoe personally prepared or received reports regarding these attacks.

77. Despite being aware of the risks inmates faced as a result of his recreation cage policies, Defendant Bledsoe was deliberately indifferent when he failed to institute policies making recreation cages safer for inmates, such as requiring inmates to be placed in recreation cages with their cellmates. If Bledsoe had acted in response to these repeated attacks, Mr. Wiggins would not have been attacked.

The Second Amended Complaint also reflects the fact that 11 defendants were removed in this case based upon agreement of counsel.[1]

**III.   Argument**

Under Federal Rules of Civil Procedure Rule 15(a)(2), a party may amend a pleading with the court's leave, and the "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (Rule 15(a)'s "mandate is to be heeded.  If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").  It is well-established that courts have shown a "strong liberality" in allowing amendments under Rule 15(a).  *See, e.g.*, *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (recognizing strong liberality in allowing amendment under Rule 15(a)); *see also, e.g.*, *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990) (noting the Third Circuit's liberal policy of allowing amendments so that cases are "decided on the merits rather than on technicalities").  Accordingly, Plaintiff now requests leave to amend his Complaint for the limited purpose of spelling out what the Defendants have known for years – that Plaintiff's Eighth Amendment claims are rooted in Bledsoe's failure to take reasonable measures to prevent recreation cage violence

---

[1] *See* Stipulation to Dismiss Claims against Certain Defendants, filed January 23, 2015 (Dkt. 51).

despite being aware of the substantial risk of serious harm that his recreation cage policies posed to inmates.

Amending the Complaint will not result in any delay or prejudice as Defendants understood the claims years before discovery closed as specifically articulated above in Plaintiff's Motion to Compel filed on December 21, 2012, the questioning of Warden Bledsoe at his depositions on February 26, 2013 and January 28, 2014, and Plaintiff's Expert Report sent to Defendant Bledsoe's counsel on November 10, 2014. *See, e.g., Adams v. Gould Inc.,* 739 F.2d 858, 867-68 (3d Cir.1984) ("[U]nder the liberal pleading philosophy of the federal rules as incorporated in Rule 15(a), an amendment should be allowed whenever there has not been undue delay, bad faith on the part of the [movant], or prejudice to the [nonmovant] as a result of the delay.").

Indeed, Plaintiff was unaware of the need to amend sooner because Defendant Bledsoe's protest about Mr. Wiggins' Complaint against Defendant Bledsoe was not raised until Defendants moved for summary judgment. *See Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (whether delay was undue depends on movant's reasons for not amending sooner). Defendant Bledsoe's counsel did not object to questions at Warden Bledsoe's two depositions that went well beyond Defendant Bledsoe's individual contact with Mr. Wiggins and the specific facts of Mr. Wiggins being stabbed on July 16, 2009.

5

Also, Warden Bledsoe did not object to the opinions expressed in Plaintiff's expert report regarding Warden Bledsoe's failure to respond to the violence in the recreation area by changing the design of the cages or the staffing in the recreation area. Thus, granting Plaintiff's motion to amend would not be prejudicial to Defendants.

As a procedural matter, Plaintiff also proposes to amend his Complaint to reflect the fact that certain defendants were voluntarily dismissed from the case prior to the parties' summary judgment briefing.

## IV.  Conclusion

Plaintiff respectfully requests that the Court grant this motion such that Plaintiff's claim against Defendant Bledsoe can be decided on its factual and substantive legal merits, particularly given that the Defendants have not shown, and cannot show, that they would be prejudiced in any way by such an amendment.

Date:  July 17, 2015                    By:    /s/ Stephen D. Brown
                                               Thomas J. Miller (PA 316587)
                                               Stephen D. Brown (PA 27829)
                                               Dechert LLP
                                               Cira Centre
                                               2929 Arch Street
                                               Philadelphia, PA 19104
                                               Main:  (215) 994-4000
                                               Fax:  (215) 994-2222

                                              Sean P. McConnell (PA 307740)
                                              Duane Morris LLP
                                              30 S. 17th Street
                                              Philadelphia, PA 19103
                                              Tel.  (215) 979-1947
                                              Fax:  (215) 689-4856
                                              *Counsel for Plaintiff*
                                              *Ronnie G. Wiggins*