DFJ:TSJ:SSD:jmh

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONNIE G. WIGGINS,** : | CIVIL NO. 3:11-CV-1298 |
| Plaintiff, : | |
| : | **(Judge Munley)** |
| v. : | |
| : | |
| **BRIAN A. BLEDSOE, et al.,** : | |
| Defendants. : | Filed Electronically |

### PRETRIAL MEMORANDUM FOR BIVENS TRIAL[1]

Date conference was held by counsel: Pursuant to M.D. Pa. Local Rule 16.3(b), counsel held a conference in advance of submitting this memorandum.

**A. A brief statement as to federal court jurisdiction.**

This is a mixed Bivens[2] civil rights action alleging violations of the Eighth Amendment by John Adami, Unit Manager - retired; Suzanne Heath, Special Investigative Service Lieutenant - retired; James Fleming, Lieutenant - retired; Timothy Crawford, Correctional Officer; Michael Hornberger, Correctional Officer and Federal Tort Claims Act (FTCA) claims action brought by Plaintiff and former

---

[1] It is anticipated that the Court will bifurcate this trial from the claims in this case arising under the Federal Tort Claims Act (FTCA). Therefore, the United States has concurrently submitted a pretrial memorandum specifically addressing the FTCA trial. This pretrial memorandum is submitted on behalf of the remaining individual Defendants.

[2] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

United States Penitentiary at Lewisburg (USP Lewisburg) inmate, Ronnie G. Wiggins (Wiggins).[3]

**B.   A summary statement of facts and contentions as to liability.**

There are five (5) remaining individual defendants: John Adami, Unit Manager - retired; Susan Heath, Special Investigative Service Lieutenant - retired; James Fleming, Lieutenant - retired; Timothy Crawford, Correctional Officer; Michael Hornberger, Correctional Officer.  Each is alleged to have violated Wiggins' Eighth Amendment rights to be free from cruel and unusual punishment by being deliberately indifferent to a serious risk of harm in factually separate ways.

In order to establish that each defendant violated the Eighth Amendment, Wiggins must demonstrate by a preponderance of the evidence the following:

1.   First, there was a substantial risk that Wiggins would be attacked by the inmates in the Z Block recreation cage on July 16, 2009.

2.   Second, each defendant was deliberately indifferent to that risk.

3.   Third, Wiggins would have suffered less harm if each defendant had not been deliberately indifferent.

Model Civ. Jury Instr. 3d Cir. 4.11.3 (West 2015).

Here, Wiggins contends that each defendant was deliberately indifferent as follows:

**1.   J. Adami -**  Wiggins contends that he told Adami on two separate occasions, July 14 and 15, 2009, that people from USP Victorville on Z-Block posed a danger to him and that he could not go to Z-Block.  Additionally, Wiggins contends that inmates Gary Burt and John Shull warned Adami on July 15, 2009, about moving Wiggins to Z-Block because that block housed inmates that had previously been at USP Victorville.

**2.   Susan Heath –** Wiggins contends that Heath failed to take action to ensure that Wiggins was separated from members of the Dirty White Boys gang (of which it was suspected that Wiggins was a member at the time), including Wiggins'

---

[3] Wiggins is now in the custody of the state of Texas.

assailants that were placed in a recreation cage with him on July 16, 2009. Wiggins contends that Heath was aware of the risk that Dirty White Boys gang members and inmates that were previously at USP Victorville posed to Wiggins because of a report compiled by BOP Lt. Hurte that is alleged to have been read by Heath prior to Wiggins being assaulted on July 16, 2009. The report described that Wiggins and another inmate assaulted two other inmates at USP Victorville. The report further described interviews with other inmates indicating that Wiggins may be killed if he was to return to the general population at USP Victorville because inmates at that institution stated that Wiggins was wrong for assaulting the other inmates.

     **3.**     **James Fleming** – Wiggins contends that Fleming was warned in May of 2008 by Wiggins that he was in a single cell and only permitting to be in a recreation age by himself at that time because of the threat that Dirty White Boys gang members and inmates that were previously at USP Victorville posed to him. Wiggins contends that on July 15, 2009, he sent a prison writing known as a "cop-out" to Fleming informing Fleming that he was in danger on Z-Block from inmates that were previously at USP Victorville.

     **4.**     **Timothy Crawford** – Wiggins contends that he told Crawford three times on July 15, 2009, that he should not be taken to the third floor of Z-Block because there would be problems if he were moved there. According to Wiggins, Crawford told Wiggins that it was Adami's call since it was Adami's unit. Further, Wiggins contends that he told Crawford that he was supposed to go to the basement of Z-Block rather than the third floor and that if he was placed around any inmates that were previously at USP Victorville there would be problems.

     **5.**     **Michael Hornberger** – Wiggins contends that Hornberger, as the officer responsible for supervising the outside recreation cages for Z-Block, failed to properly search the recreation cage prior to the assault or to provide direct supervision as required by USP Lewisburg Post Orders on July 16, 2009. It is undisputed that Wiggins was assaulted on July 16, 2009, by four inmates in a recreation cage that stabbed him with a weapon.

**C.**    A comprehensive statement of undisputed facts as agreed to by counsel at the conference of attorneys required by Local Rule 16.3. No facts should be denied unless opposing counsel expects to present contrary evidence or genuinely challenges the fact on credibility grounds. The parties must reach agreement on uncontested facts even though relevancy is disputed.

3

*See* Plaintiff's pre-trial memorandum, which contains the parties' agreed-upon statement of undisputed facts for this matter.

**D.** A brief description of damages, including, where applicable:

    (1) Principal injuries sustained:

    (2) Hospitalization and convalescence:

    (3) Present disability:

    (4) Special monetary damages, loss of past earnings, medical expenses, property damages, etc.:

    (5) Estimated value of pain and suffering, etc.:

    (6) Special damage claims:

It is Wiggins' burden to demonstrate any damages by a preponderance of the evidence at trial. During the July 16, 2009 assault, Wiggins suffered numerous stab wounds, including to his abdomen, diaphragm, spleen, liver, legs and right arm. After receiving immediate treatment from BOP medical staff, the BOP transferred Wiggins to Geisinger Medical Center for further evaluation, and he underwent surgery and received sutures/staples to his stab wounds. Wiggins stayed at Geisinger Medical Center for 1 week before transferring back to USP Lewisburg.

Wiggins' stab wounds healed. Following the assault, Wiggins has undergone at least one surgery to remove a lemon-sized hernia that developed in 2011.

Wiggins has been incarcerated since the July 16, 2009 assault, and as result has no lost wages, and incurred no medical care expenses. Wiggins has not offered any expert to opine on his medical condition, future care, ability to work, and/or related damages. Wiggins' primary damage claim appears to be pain and suffering.

**E.** Names and addresses of witnesses, along with the specialties and qualifications of experts to be called.

Brian A. Bledsoe
James Fosnot

Michael Hornberger
Frank Passaniti
Greg Edinger
Lester Yohe
Jason Murray
Suzanne Heath
James Hepner
Byron Hurte
John Adami
James Fleming
Timothy Crawford
Lynn Hunter
Krista Bahre
Dennis Campbell
Nelson Dreese
Chuck Maiorana
John Dunkelberger
Frank Perrin
Randy Loss
Thomas Yost
Dan Deleone
Doug Mclintock
Ryan Parkyn
Tim Rank
James Diltz
Brian Chambers

All the above witnesses are current or former BOP employees and may be contacted through counsel for the defendants. Their addresses are not being provided in this publicly filed document due to security concerns for the witnesses.

Defendants reserve the right to call any necessary rebuttal witnesses and to call any of the witnesses listed by Wiggins.

Defendants do not intend to present any expert testimony. Further, Defendants have only received one expert report from Plaintiff for Mark A. Bezy dated November 5, 2014.

**F.** Summary of testimony of each expert witness.

Defendants do not intend to present any expert testimony. Further, Defendants have only received one expert report from Plaintiff for Mark A. Bezy dated November 5, 2014.

**G.** Special comment about pleadings and discovery, including depositions and the exchange of medical reports.

The Court entered a protective order in this case given the sensitive law enforcement nature of some of the documents and information in the case. The parties will attempt to resolve all issues of evidence presentation prior to trial pursuant to that order and the needs of the litigation. The parties will request the Court to set a pretrial deadline 10 days in advance of each trial for the submission of final exhibit lists and to provide copies of the exhibits to the Court pursuant to the Court's preferred practice.

**H.** A summary of legal issues involved and legal authorities relied upon.

In order to establish that each defendant violated the Eighth Amendment, Wiggins must demonstrate by a preponderance of the evidence the following:

1. First, there was a substantial risk that Wiggins would be attacked by the inmates in the recreation cage on July 16, 2009.

2. Second, each defendant was deliberately indifferent to that risk.

3. Third, Wiggins would have suffered less harm if each defendant had not been deliberately indifferent.

To show deliberate indifference, Wiggins must show that each defendant knew of a substantial risk that Wiggins would be attacked, and that each defendant disregarded that risk by failing to take reasonable measures to deal with it. Wiggins must show that each defendant actually knew of the risk. Mere carelessness or negligence is not enough to make an official liable. It is not enough for Wiggins to show that a reasonable person would have known, or that each defendant should have known, of the risk to Wiggins.

Model Civ. Jury Instr. 3d Cir. 4.11.3 (West 2015).

If Wiggins presents circumstantial evidence supporting an inference of subjective recklessness, "it remains open to the officials to prove that they were

unaware even of an obvious risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). The defendants "might show, for example, that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id.* Even "officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted"; a defendant "who act[ed] reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." *Id.* at 844–45.

Defendants have asserted the defense of qualified immunity and the Court has reserved the defense for the time of trial (Doc. 116 at 23-26). At the time of trial, each defendant is entitled to qualified immunity if it established that the defendant did not violate a clearly established right of which a reasonable prison official would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Material disputes of historical fact must be resolved by the jury at trial. The Third Circuit has instructed that the trial court must decide the ultimate issue of the application of qualified immunity - not the jury. *See Carswell v. Borough of Homestead*, 381 F.3d 235, 242 (3d Cir. 2004) ("The jury … determines disputed historical facts material to the qualified immunity question … District Courts may use special interrogatories to allow juries to perform this function … The court must make the ultimate determination on the availability of qualified immunity as a matter of law."). Thus, each defendant is entitled to qualified immunity because none of the defendants violated a clearly established right of which they knew.

**I.**   Stipulations desired.

Counsel for Plaintiff and Defendants will continue to meet and confer regarding their respective exhibits, and expect few, if any disputes to arise regarding the admissibility and/or authenticity of those exhibits. The parties propose to submit final exhibit lists and copies of the exhibits to the Court, together with any stipulations or objections, ten days before the start of trial.

Additionally, counsel for Defendants will discuss with counsel for Plaintiff the following stipulations as well as any others in the interest of saving time and resources at the time of trial:

Authenticity of the medical records for Wiggins.

>   Authenticity of weapon used in July 16, 2009 assault.
>
>   Authenticity of BOP's records for Wiggins.

**J.** Estimated number of trial days.

>   5

**K.** Any other matter pertinent to the case to be tried.

>   It is anticipated that the Court will bifurcate this trial from the claims in this case arising under the Federal Tort Claims Act (FTCA). Therefore, the United States has concurrently submitted a pretrial memorandum specifically addressing the FTCA trial. This pretrial memorandum is submitted on behalf of the remaining individual Defendants.
>
>   Additionally, the individual defendants reserve the right to raise the defense of qualified immunity at the time of trial based on the evidence presented. The Court opined in its Memorandum dated November 30, 2017 (Doc. 116) that a determination of whether the defendants are entitled to qualified immunity must be considered at trial to resolve disputes of fact relevant to the immunity analysis.
>
>   The parties will request the Court to set a pretrial deadline 10 days in advance of each trial for the submission of final exhibit lists and to provide copies of the exhibits to the Court pursuant to the Court's preferred practice.

**L.** Pursuant to Local Rule 16.3 append to this memorandum a pre-numbered schedule of exhibits, with brief identification of each, on the clerk's Exhibit Form.

>   *See* Attached Defendants' *Bivens* Exhibit List. Further, the parties anticipate that the Court will grant their request to bifurcate the FTCA trial from the *Bivens* trial. The parties will request the Court to set a pretrial deadline 10 days in advance of each trial for the submission of final exhibit lists and to provide copies of the exhibits to the Court pursuant to the Court's preferred practice.

**M.** Append any special verdict questions which counsel desires to submit.

> *See* Attached Special Verdict Questions.

**N.** Defense counsel must file a statement that the person or committee with settlement authority has been notified of the requirements of and possible sanctions under Local Rule 16.2.

Counsel certifies that the individual named defendants each have sole settlement authority as to the *Bivens* claims brought against them in their individual capacity.

The settlement authority for the FTCA claims is identified in the concurrently submitted pretrial memorandum addressing those claims.

**O.** Certificate must be filed as required under Local Rule 30.10 that counsel have met and reviewed depositions and videotapes in an effort to eliminate irrelevancies, side comments, resolved objections, and other matters not necessary for consideration by the trier of fact.

The undersigned certifies that he has conferred with counsel for Wiggins and have no objections as to the depositions and videotapes which are subject to this Court's protective order at this time. Defendants reserve the right to object to any use of depositions and video at the time of trial.

**P.** In all trials without a jury, requests for findings of both fact and law shall be submitted with this Memorandum as required under Local Rule 48.2.

As stated above, the proposed findings of fact and conclusions of law for the FTCA trial in this case have been submitted concurrently with that pretrial memorandum.

                                              Respectfully submitted,

                                              DAVID J. FREED
                                              United States Attorney

                                              <u>TIMOTHY JUDGE</u>
                                              Assistant U.S. Attorney
                                              PA 203821
                                              Joanne M. Hoffman
                                              Paralegal Specialist
                                              PO Box 309
                                              Scranton, PA 18501
                                              Phone: 570-348-2800
                                              Fax: 570-348-2830
                                              Timothy.judge@usdoj.gov

Dated: August 28, 2018

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONNIE G. WIGGINS,** | : | **CIVIL NO. 3:11-CV-1298** |
| Plaintiff, | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **BRIAN A. BLEDSOE, et al.,** | : | |
| Defendants. | : | Filed Electronically |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on August 28, 2018, she served a copy of the attached

## PRETRIAL MEMORANDUM FOR BIVENS TRIAL

By electronic means through the ECF system to-

| | |
|---|---|
| Christine C. Levin | christine.levin@dechert.com |
| David John Stanoch | david.stanoch@dechert.com |
| Sean P McConnell | spmcconnell@duanemorris.com |
| Stephen D Brown | stephen.brown@dechert.com |
| Thomas James Miller | thomas.miller@dechert.com |

s/ Joanne M. Hoffman
Paralegal Specialist
