DFJ:TSJ:SSD:jmh

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONNIE G. WIGGINS,** : | CIVIL NO. 3:11-CV-1298 |
| Plaintiff, : | |
| : | (Judge Munley) |
| v. : | |
| : | |
| **UNITED STATES, et al.,** : | |
| Defendants. : | Filed Electronically |

**PRE-TRIAL MEMORANDUM**
**ON BEHALF OF THE UNITED STATES OF AMERICA**

The United States of America submits this Pre-Trial Memorandum for the Federal Tort Claims Act (FTCA) portion of the above-captioned civil action.[1] Pursuant to M.D. Pa. Local Rule 16.3(b), counsel held a conference in advance of submitting this memorandum.

**A. A brief statement as to federal court jurisdiction.**

This Court has jurisdiction pursuant to the FTCA, 28 U.S.C. § 1346(b).

**B. A summary statement of facts and contentions as to liability.**

This is an FTCA negligence action brought by inmate Ronnie G. Wiggins. Wiggins alleges the United States failed to protect him from being attacked by other

---

[1] It is anticipated that the Court will bifurcate this FTCA claim from the separate but parallel Bivens claims asserted against five (5) current or former officials at USP Lewisburg. These individual defendants have submitted a concurrent pretrial memorandum specifically addressing the Bivens jury trial portion of this action.

inmates on July 16, 2009 while incarcerated at USP Lewisburg's Special Management Unit (SMU). Doc. 91-1 at ¶¶ 67-72. In particular, Wiggins contends that USP Lewisburg officers were negligent in their supervision of the recreation pen, and in conducting a pat search or use of a hand-held metal detector on inmates, thereby permitting a metal knife into the recreation pen. Doc. 116 at 23-30.

On May 19, 2008, the federal Bureau of Prisons (BOP) transferred Wiggins to the USP Lewisburg SMU program due to a violent assault that Wiggins perpetrated at USP Victorville, his history of prison gang involvement with the Dirty White Boy (DWB) prison gang, his history of disruptive behavior in the federal prison system, and his lack of institutional adjustment. Wiggins' involvement with the DWB prison gang continued while at USP Lewisburg.

On July 16, 2009, inmates affiliated with the DWB prison gang assaulted Wiggins while at recreation. None of the assaulting inmates were on Wiggins' separatee list. Wiggins did not decline recreation and willingly entered the pen with other inmates from the DWB prison gang. According to video surveillance of the assault, the BOP escorted Wiggins to the recreation pen, where Wiggins greeted and embraced the inmates in the pen, and he began to disrobe for exercise. No prior indication existed that an assault was imminent or that Wiggins did not want to be placed in the pen. The assault began and staff responded within moments. When staff arrived at the pen, the inmates immediately stopped the assault and retreated to

the other side of the pen. The BOP removed the assaulting inmates from the pen, and provided Wiggins with medical treatment. The entire incident, from assault until medical treatment, lasted just over four minutes.

The specific basis of Wiggins' FTCA negligence claim is that the USP Lewisburg officers negligently permitted a metal knife into the recreation pen, in violation of the institution's Post Orders, because either: (a) officer Michael Hornberger failed to properly supervise the recreation pen, or (b) an unknown staff member failed conduct a pat search and/or properly utilize a hand-held metal detector on all the inmates prior to recreation. The USP Lewisburg Post Orders provide, in relevant part, as follows:

> Post Orders are guidelines and cannot cover every situation that may arise. (USP Lewisburg General Orders, Post Orders.)
>
> [The Recreation Officer should] Report to the outside recreation pens, and shakedown for contraband and security discrepancies. (Z-Unit Recreation Officer Post Order.)
>
> All inmates who are removed from the cell will be pat searched and a hand-held metal detector utilized for screening. (SMU Post Orders, Inmate Movement/Escort.)
>
> A staff member will remain in the recreation area anytime there is an inmate in a recreation cage. . . . It is expected staff will provide direct supervision during the time inmates are outside. (SMU Post Orders, Recreation.)

There is no evidence, however, that any staff member failed to perform the supervision, pat search and/or metal detector, or negligently performed those duties. Moreover, the FTCA discretionary function exception precludes Wiggins from attacking the specific manner in which the staff members chose to perform these correctional safety duties, which is left to their discretion.

At all times related to this litigation, the BOP took appropriate action to provide for the safety of Wiggins. The BOP had a system in place to keep inmates away from each other when evidence exists that there could be potential for these inmates to harm each other. At no time prior to the assault did any BOP staff member have knowledge that Wiggins was in danger of an assault by the inmates in the recreation pen on July 16, 2009. No action or inaction by the BOP or its staff caused the assault or Wiggins' ensuing injuries. The United States is not liable under Pennsylvania negligence law.

The attached Requests for Findings of Fact and Conclusions of Law submitted by the United States of America contain a more complete statement of facts.

**C. A comprehensive statement of undisputed facts as agreed to by counsel at the conference of attorneys required by Local Rule 16.3. No facts should be denied unless opposing counsel expects to present contrary evidence or genuinely challenges the fact on credibility grounds. The parties must reach agreement on uncontested facts even though relevancy is disputed.**

*See* Plaintiff's pre-trial memorandum, which contains the parties' agreed-upon statement of undisputed facts for this matter.

**D. A brief description of damages, including, where applicable:**

   **(1) Principal injuries sustained:**

   **(2) Hospitalization and convalescence:**

   **(3) Present disability:**

   **(4) Special monetary damages, loss of past earnings, medical expenses, property damages, etc.:**

   **(5) Estimated value of pain and suffering, etc.:**

   **(6) Special damage claims:**

It is Wiggins' burden to demonstrate any damages by a preponderance of the evidence at trial. During the July 16, 2009 assault, Wiggins suffered numerous stab wounds, including to his abdomen, diaphragm, spleen, liver, legs and right arm. After receiving immediate treatment from BOP medical staff, the BOP transferred Wiggins to Geisinger Medical Center for further evaluation, and he underwent surgery and received sutures/staples to his stab wounds. Wiggins stayed at Geisinger Medical Center for 1 week before transferring back to USP Lewisburg.

Wiggins' stab wounds healed. Following the assault, Wiggins has undergone at least one surgery to remove a lemon-sized hernia that developed after the assault.

Wiggins has been incarcerated since the July 16, 2009 assault, and as a result has no lost wages, and incurred no medical care expenses. Wiggins has not offered any expert to opine on his medical condition, future care, ability to work, and/or related damages. Wiggins' primary damage claim appears to be pain and suffering.

**E. Names and addresses of witnesses, along with the specialties and qualifications of experts to be called.**

> Brian A. Bledsoe
> James Fosnot
> Michael Hornberger
> Frank Passaniti
> Greg Edinger
> Lester Yohe
> Jason Murray
> Suzanne Heath
> James Hepner
> Byron Hurte
> John Adami
> James Fleming
> Timothy Crawford
> Lynn Hunter
> Krista Bahre
> Dennis Campbell
> Nelson Dreese
> Chuck Maiorana
> John Dunkelberger
> Frank Perrin
> Randy Loss
> Thomas Yost
> Dan Deleone
> Doug Mclintock
> Ryan Parkyn
> Tim Rank
> James Diltz
> Brian Chambers

All the above witnesses are current or former BOP employees and may be contacted through counsel for the defendants. Their addresses are not being provided in this publicly filed document due to security concerns for the witnesses.

Defendants reserve the right to call any necessary rebuttal witnesses and to call any of the witnesses listed by Wiggins.

Defendants do not intend to present any expert testimony. Further, Defendants have only received one expert report from Plaintiff for Mark A. Bezy dated November 5, 2014.

**F.  Summary of testimony of each expert witness.**

Defendants do not intend to present any expert testimony. Further, Defendants have only received one expert report from Plaintiff for Mark A. Bezy dated November 5, 2014.

**G.  Special comment about pleadings and discovery, including depositions and the exchange of medical reports.**

The Court entered a protective order in this case given the sensitive law enforcement nature of some of the documents and information in the case. The parties will attempt to resolve all issues of evidence presentation prior to trial pursuant to that order and the needs of the litigation. The parties will request the Court to set a pretrial deadline 10 days in advance of each trial for the submission of

final exhibit lists and to provide copies of the exhibits to the Court pursuant to the Court's preferred practice.

**H.  A summary of legal issues involved and legal authorities relied upon.**

Wiggins asserts an FTCA negligence claim against the United States.  The FTCA authorizes inmates "to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 150, (1963).  To succeed on his FTCA negligence claim in this matter, Wiggins must demonstrate four elements: "(1) a duty or obligation recognized by law; (2) a breach of the duty; (3) causal connection between the actor's breach of the duty and the resulting injury; and (4) actual loss or damage suffered by the complainant." Cooper v. Frankford Health Care System, 960 A.2d 134, 140 n. 2 (Pa. Super. 2008) (citing Jones v. Levin, 940 A.2d 451, 454 (Pa. Super. 2007)).

The United States' duty of care owed to a federal prisoner is set forth in 18 U.S.C. § 4042.  Although "[t]he Government is not an insurer of the safety of a prisoner," the BOP must exercise ordinary diligence to keep prisoners safe and free from harm.  Jones v. United States, 534 F.2d 53, 54 (5th Cir. 1976); see also Hossic v. U.S., 682 F. Supp. 23, 25 (M.D. Pa. 1987) (noting that 18 U.S.C. § 4042 establishes "ordinary diligence" standard of care for prisoner negligence suits under the FTCA).  Prison officials are therefore obliged "to exercise reasonable care and

diligence to protect the prisoner from danger, known to or which might reasonably be apprehended by him." Hossic, 682 F. Supp. at 25 (citations omitted).

The two main legal issues, discretionary function exception to FTCA jurisdiction, and res ispa loquitur, are outlined below.  The attached Requests for Findings of Fact and Conclusions of Law submitted by the United States of America contains a complete statement legal issues and authorities.

### 1. Discretionary Function Exception to FTCA Jurisdiction

This Court lacks jurisdiction over Wiggins' FTCA negligence claim, which is precluded by the discretionary function exception (DFE).  28 U.S.C. § 2680(a). Subject to a number of exceptions, the FTCA waives the United States' sovereign immunity for damages in tort "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  One of those exceptions is the DFE, which provides that the United States may not be sued for any claim based upon "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a); see also Baer v. United States, 722 F.3d 168, 172 (3d Cir. 2013).

Whether the DFE applies involves two questions.  The first is whether the conduct giving rise to the alleged injury involves an "element of policy or choice."

United States v. Gaubert, 499 U.S. 315, 322–323 (1991). "The requirement of judgment or choice is not satisfied if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow....'" Id. (quoting Berkovitz v. United States, 486 U.S. 531, 536 (1988)).

The second question asks whether the challenged conduct "is of the kind that the discretionary function exception was designed to shield." Id. The focus of this inquiry "is not on the agent's subjective intent in exercising the discretion conferred by the statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." Id. at 325. Thus, the United States need not show that the agency or employees actually weighed policy considerations in carrying out the act in question. See, e.g., Cestonaro v. United States, 211 F.3d 749, 754 (3d Cir. 2000). Rather, "[i]f a regulation allows the employee discretion, the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulations." Gaubert, 499 U.S. at 324.

In sum, the conduct at issue involved an exercise in judgment or choice (how to conduct the recreation pen supervision, pat search and/or metal detector), and the nature of the actions taken were susceptible to policy considerations (correctional safety) and, therefore, the discretionary function exception to the FTCA bars Plaintiffs' claims of negligence and the United States is entitled to judgment as a

matter of law.  See Rich v. United States, C.A. No. 3:13-CV-137, 2014 WL 2778652 *2-3 (N.D.W.Va. June 19, 2014) (applying DFE to preclude plaintiff's claims of inmate assault in a recreation pen because the institution's post orders mandating the performance of a pat search and use of the metal detector did not prescribe the manner of how those functions were performed and, therefore, they involved an element of judgment or choice).

### 2.  Res Ispa Loquitur

The district court reserved for trial the theory of res ispa loquitur.  Under this evidentiary theory, the factfinder may infer negligence when:

> (a) the event is of a kind which ordinarily does not occur in the absence of negligence;
> (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
> (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

Ahora-Blanco v. United States, Civ. No. 4:11-cv-1575, 2013 WL 6328467 *3-4 (M.D. Pa. Dec. 5, 2013 (citing Restatement (Second) of Torts § 328D (1965)).  To "sufficiently eliminate" other plausible causes of the plaintiff's injury, "the plaintiff . . . is required to adduce evidence 'from which the jury my reasonably conclude that the negligence was, more probably than not, that of the defendant."  Id., citing § 328D cmt.f.   Res ipsa loquitur is inapplicable here because Wiggins cannot

sufficiently eliminate other the other responsible causes of how the knife entered the recreation pen.

**I.  Stipulations desired.**

Counsel for Plaintiff and Defendants will continue to meet and confer regarding their respective exhibits, and expect few, if any disputes to arise regarding the admissibility and/or authenticity of those exhibits.  The parties propose to submit final exhibit lists and copies of the exhibits to the Court, together with any stipulations or objections, ten days before the start of trial.

Additionally, counsel for Defendants will discuss with counsel for Plaintiff the following stipulations as well as any others in the interest of saving time and resources at the time of trial:

Authenticity of the medical records for Wiggins.

Authenticity of weapon used in July 16, 2009 assault.

Authenticity of BOP's records for Wiggins.

**J.  Estimated number of trial days.**

5 days for the FTCA portion of this case.

**K.  Any other matter pertinent to the case to be tried.**

This lawsuit also involves a parallel <u>Bivens</u> jury trial asserted by the Plaintiff against five (5) current or former officials at USP Lewisburg.  It is anticipated that

the Court will bifurcate this FTCA trial from the claims in this case arising under *Bivens*.  Therefore, the United States has concurrently submitted a pretrial memorandum specifically addressing the *Bivens* trial.  This pretrial memorandum is submitted on behalf of the United States.

The parties will request the Court to set a pretrial deadline 10 days in advance of each trial for the submission of final exhibit lists and to provide copies of the exhibits to the Court pursuant to the Court's preferred practice.

**L.  Pursuant to Local Rule 16.3 append to this memorandum a prenumbered schedule of exhibits, with brief identification of each, on the clerk's Exhibit Form.**

*See* Attached Defendants' FTCA Exhibit List.  Further, the parties anticipate that the Court will grant their request to bifurcate the FTCA trial from the *Bivens* trial.  The parties will request the Court to set a pretrial deadline 10 days in advance of each trial for the submission of final exhibit lists and to provide copies of the exhibits to the Court pursuant to the Court's preferred practice.

**M.  Append any special verdict questions which counsel desires to submit.**

N/A – this FTCA matter is a bench trial.

**N. Defense counsel must file a statement that the person or committee with settlement authority has been notified of the requirements of and possible sanctions under Local Rule 16.2.**

Counsel certifies that the individuals with settlement authority for the United States have been notified of the requirements of and possible sanctions under Local rule 16.2.

**O. Certificate must be filed as required under Local Rule 30.10 that counsel have met and reviewed depositions and videotapes in an effort to eliminate irrelevancies, side comments, resolved objections, and other matters not necessary for consideration by the trier of fact.**

The undersigned certifies that he has conferred with counsel for Wiggins and have no objections as to the depositions and videotapes which are subject to this Court's previous protective order at this time. Defendants reserve the right to object to any use of depositions and video at the time of trial.

**P. In all trials without a jury, requests for findings of both fact and law shall be submitted with this Memorandum as required under Local Rule 48.2**

Please see the attached Requests for Findings of Fact and Conclusions of Law submitted by the United States of America.

    Respectfully submitted,

    DAVID J. FREED
    United States Attorney

    s/ Timothy Judge
    TIMOTHY JUDGE
    Assistant U.S. Attorney
    PA 203821
    Joanne M. Hoffman
    Paralegal Specialist

235 N. Washington Avenue  
Scranton, PA 18503  
Phone: 570-348-2800  
Fax: 570-348-2830  
Timothy.judge@usdoj.gov  

s/ Samuel S. Dalke  
SAMUEL S. DALKE  
Assistant U.S. Attorney  
PA 311803  
228 Walnut Street  
Harrisburg, PA 17108  
Telephone: 717-221-4482  
Facsimile: 717-221-2246  
samuel.s.dalke@usdoj.gov  

Date:  August 28, 2018

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONNIE G. WIGGINS,** | : | **CIVIL NO. 3:11-CV-1298** |
| Plaintiff, | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **BRIAN A. BLEDSOE, et al.,** | : | |
| Defendants. | : | Filed Electronically |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on August 28, 2018, she served a copy of the attached

## PRE-TRIAL MEMORANDUM
## ON BEHALF OF THE UNITED STATES OF AMERICA

By electronic means through the ECF system to-

Sean P. McConnell
Stephen D. Brown
Thomas Miller

s/ Joanne M. Hoffman
Paralegal Specialist
